11:34 am Jun 13 2019
Clerk U.S. District Court
Northern District of Ohio
Cleveland

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **ADONIS HOLMAN,** | CASE NO. 1:19 CV 211 |
| Plaintiff, | JUDGE DAN AARON POLSTER |
| vs. | **MEMORANDUM OPINION** |
| | **AND ORDER** |
| **SHERIFF CLIFFORD PINKNEY, et al.,** | |
| Defendants. | |

*Pro se* Plaintiff Adonis Holman brings this action pursuant to 42 U.S.C. § 1983 against defendants Sheriff Clifford Pinkney and Warden Eric Ivey in their official capacities regarding conditions at the Cuyahoga County Jail where, at the time this action was filed, Plaintiff was a pretrial detainee. (Doc. #: 1). After the Complaint was filed, Plaintiff advised the Court that he was transferred to the Lake Erie Correctional Institution in Conneaut, Ohio. (Doc. #: 4). Plaintiff asks this Court for peace, justice, and One Million Dollars. (Doc. #: 1 at 5).

For the reasons that follow, this case is dismissed.

**A. Standard of Review**

*Pro se* pleadings are held to a less stringent standards than pleadings drafted by lawyers, and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). That said, federal district courts are expressly required by 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B) for failure to state a claim. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint "'must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Id*. (quoting *Iqbal*, 556 U.S. at 678).

**B. Analysis**

**1. Plaintiff's claims for injunctive relief are moot**

The Court construes Plaintiff's request for the relief of peace and justice as a request for injunctive relief. It is well settled that upon a prisoner's transfer to another institution, his request for injunctive relief concerning the prison facility where he was previously confined becomes moot. *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) ("[A]ny declaratory or injunctive relief that Colvin seeks stemming from his complaint has been mooted by his transfer to a different prison facility."). Accordingly, Plaintiff's claims for injunctive relief against defendants are moot because he is no longer confined at the Cuyahoga County Jail, and are dismissed.

**2. Plaintiff's official capacity claims against defendants are dismissed**

To the extent that Plaintiff seeks monetary relief, those claims are not moot because of his transfer to a different institution. *See id.* (considering claim for monetary damages for alleged constitutional violation notwithstanding transfer to a different prison facility). A sheriff or other county official acts on behalf of the county he represents. *See Newman v. Evans*, 2009

WL 814616, at *5 (E.D. Mich. Mar. 27, 2009) (citing *Monell v. Dep't of Soc. Servs*., 436 U.S 658, 690 n.55 (1978)).  Plaintiff's claims against defendants in their official capacities are equivalent to pleading an action against Cuyahoga County.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (official capacity suits are not against the county official personally, "for the real party in interest is the entity") (citations omitted).  Cuyahoga County is liable under § 1983 for the alleged deprivation of Plaintiff's constitutional rights only when the County is the "moving force" behind the deprivation.  *Id.* at 166.   In order to prevail on a § 1983 action against Cuyahoga County, Plaintiff must show that the alleged violation of his federal rights occurred because of a County policy or custom.  *Id*.; *Monell,* 436 U.S. at 694.

Plaintiff's Complaint does not contain any allegations concerning a County custom or policy, nor does Plaintiff allege that any custom or policy of Cuyahoga County caused the claimed deprivation of his constitutional rights.  Therefore, Plaintiff fails to allege plausible § 1983 official capacity claims against Pinkney and Ivey, and those claims are dismissed pursuant to § 1915(e).

**C. Conclusion**

For all of the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Plaintiff's motion to proceed *in forma pauperis* is granted. (Doc. #: 2).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

                                                 /s/ Dan Aaron Polster    6/13/2019
                                               **DAN AARON POLSTER**
                                               **UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.